19 F.3d 26
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Corneliu CURUTA, Petitioner,
v.
U.S. WATER CONSERVATION LAB, U.S. DEPARTMENT OF AGRICULTURE,
Respondent.
 No. 92-70774.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 16, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Corneliu Curuta petitions pro se for review of the dismissal of his discrimination claim pursuant to the Immigration Reform and Control Act of 1986 (IRCA). Curuta contends the administrative law judge (ALJ) of the Office of the Chief Administrative Hearing Officer, Executive Office of Immigration Review, erred by dismissing his complaint for lack of subject matter jurisdiction. We have jurisdiction under 8 U.S.C. Sec. 1324b(i)(1), and we affirm.
 
 
 3
 We review de novo the IRCA agency's conclusions of law concerning the IRCA. Mester Mfg. Co. v. I.N.S., 879 F.2d 561, 565 (9th Cir.1989). We may overturn only IRCA agency findings of fact that are unsupported by substantial evidence. Id.
 
 
 4
 Generally, a dismissal should not be affirmed unless it is clear that the deficiencies in the complaint could not be cured by amendment. Kelson v. City of Springfield, 767 F.2d 651, 656 (9th Cir.1985). Nevertheless, "if it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts that could be proved," a district court may dismiss the complaint without granting an opportunity to amend. Id. at 653. We are obliged to construe pro se pleadings liberally and under a "less stringent standard" than those prepared by counsel. Haines v. Kerner, 404 U.S. 519, 520-21 (1971) (per curiam).
 
 
 5
 Under the IRCA, it is an unfair employment practice for an employer to discriminate on the basis of an individual's national origin or citizenship status. 8 U.S.C. Sec. 1324b(a)(1). Discrimination on the basis of national origin covered by Title VII of the Civil Rights Act, 42 U.S.C. Sec. 2000e-2, is exempted from the IRCA. 8 U.S.C. Sec. 1324b(a)(2)(B). Title VII does not cover national origin discrimination claims against employers employing between four and fourteen employees. United States v. Marcel Watch Corp., 1 OCAHO 143, 11 (Mar. 22, 1990), amended 1 OCAHO 169 (May 10, 1990).
 
 
 6
 Curuta, a United States naturalized citizen who was born in Romania, applied for a post-doctoral agricultural engineering position at the United States Water Conservation Lab (Lab). Curuta did not obtain the position and alleges that this was due to an unfair immigration-related employment practice.
 
 
 7
 In his complaint, Curuta alleged discrimination on the basis of national origin. The ALJ took judicial notice that the Lab is an organizational component of the United States Department of Agriculture which has more than fourteen employees and concluded that it lacked jurisdiction to consider Curuta's national origin discrimination claim because it was covered by Title VII.
 
 
 8
 Because Curuta has brought suit against an employer of more than fourteen individuals, we agree with the ALJ's decision that Curuta's national origin discrimination claim is a charge that must be brought before the Equal Employment Opportunity Commissionn (EEOC). See 8 U.S.C. Sec. 1324b(a)(2)(B); Marcel Watch Corp., 1 OCAHO at 11.
 
 
 9
 Curuta also argues that he raised a citizenship discrimination claim during a telephonic prehearing conference with the ALJ.[1] Curuta did not allege any facts in his complaint suggesting that he was discriminated against on the basis of his United States citizenship. Even construing his pro se complaint liberally, see Haines, 404 U.S. at 520-21, we are unable to discern how Curuta suffered an unfair immigration-related employment practice due to his United States citizenship. Accordingly, we do not disturb the ALJ's finding that Curuta did not raise a citizenship discrimination claim. See Mester Mfg. Co., 879 F.2d at 565.
 
 
 10
 The ALJ properly dismissed Curuta's complaint for lack of subject matter jurisdiction.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 No transcript exists of the prehearing conference, but the ALJ in its order stated that Curuta did not allege a citizenship discrimination claim during the prehearing conference